Zachary S. Schumacher (State Bar No. 286898)
LAW OFFICE OF ZACHARY S. SCHUMACHER
1901 1st Ave, First Floor
San Diego, CA 92101
(619) 344-0800
zach@schumacher-law.com

GREG A. KLAWITTER (SBN 222746)
**CEARTAS LEGAL LLP**
2262 Carmel Valley Road, Suite F
Del Mar, CA 92014
(858) 356-9979
greg.klawitter@ceartaslegal.com

Attorney for Plaintiff, JOHN EDWARDS

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARDS, an individual, | Case No.: **'21CV878 H    RBB** |
| Plaintiff(s), | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DECLARATORY RELIEF** |
| vs. | **DEMAND FOR JURY TRIAL** |
| CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company doing business in the state of California; CORECIVIC, LLC, a Delaware limited liability company doing business in the state of California; CORECIVIC, INC., a Maryland corporation doing business in the state of California; and DOES 1-20, inclusive, | |
| Defendants. | |

COMES NOW, Plaintiff JOHN EDWARDS (hereinafter, "Plaintiff"), who alleges against defendants, and each of them, as follows:

## PARTIES

1.     Plaintiff is, and at all times herein mentioned was, an individual residing in

-1-

the County of San Diego in the State of California.

2.      Defendant CORECIVIC OF TENNESSEE, LLC is, and at all times herein mentioned was, a limited liability company, organized and existing under the laws of Tennessee but duly licensed to do business, and doing business, within the State of California, and is an employer whose employees were engaged throughout this county and the State of California.

3.      Defendant CORECIVIC, LLC is, and at all times herein mentioned was, a limited liability company, organized and existing under the laws of Delaware but duly licensed to do business, and doing business, within the State of California, and is an employer whose employees were engaged throughout this county and the State of California.

4.      Defendant CORECIVIC, INC is, and at all times herein mentioned was, a corporate entity, organized and existing under the laws of Maryland but duly licensed to do business, and doing business, within the State of California, and is an employer whose employees were engaged throughout this county and the State of California.

5.      Plaintiff is informed and believes and thereon alleges that CORECIVIC OF TENNESSEE, LLC; CORECIVIC, LLC; CORECIVIC, INC; and the DOES 1 through 20, inclusive, are an "integrated enterprise" and share an interrelation of operations, common management, centralized control of labor relations, and common ownership of financial control.  As such, they are a single employer, joint employer, and/or integrated enterprise. These defendants are, and at all times herein mentioned were, joint employers and/or an integrated enterprise employing Plaintiff and all of Plaintiff's supervisors and managers, and all individuals named herein.  CORECIVIC OF TENNESSEE, LLC; CORECIVIC, LLC; CORECIVIC, INC; and the DOES 1 through 20, inclusive, are collectively referred to hereinafter as "CORECIVIC" or "Defendant."

6.      The true names, identities, or capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. When the true names, identities or

-2-

capacities of such fictitiously designated defendants are ascertained, Plaintiff will seek to amend this Complaint and insert said true names, identities, and capacities, together with the proper charging allegations.

7.    Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein is responsible in some manner and liable herein for negligent, wanton, reckless, and tortious conduct, strict liability, and by such wrongful conduct, proximately caused Plaintiff's injuries and damages.

8.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each defendant, whether specifically identified or designated as a DOE, was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, alter ego, affiliate, co-employer, joint venturer, servant, and/or co-conspirator of each of the other defendants, and was at all times mentioned herein acting within the course and scope of said agency, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

## JURISDICTION AND VENUE

9.    Jurisdiction in this Court is proper under 28 U.S.C. section 1332(a) in that Plaintiff is a resident of the State of California, and defendants are out of state residents, and the amount in controversy exceeds $75,000.  Jurisdiction in this Court is also proper under 28 U.S.C. section 1331 in that Plaintiff's complaint involves a question arising under the federal Family & Medical Leave Act, 29 U.S.C. section 2601, et seq.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.    On or about March 15, 2021, Plaintiff timely filed a charge with the California Department of Fair Employment & Housing ("DFEH") and received a Right-to-Sue letter therefrom.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11.    On September 10, 2018, Plaintiff began working for CORECIVIC as a Program Facilitator at one of its private-prison facilities in San Diego.  Plaintiff was hired

-3-

and paid as an hourly, non-exempt employee. His primary job duties included planning and implementing workshops and classroom activities to prepare inmates for civilian life after incarceration.

12. In April 2019, Plaintiff began suffering severe anxiety and depression, which limited his ability to perform major life functions. On April 26, 2019, Plaintiff was directed by his doctor to take medical leave for approximately one month. That same day, Plaintiff contacted CORECIVIC's human resources department to notify them of his intention to take leave. He was given a "Request for Leave (FMLA)" form which he and his treating doctor submitted to CORECIVIC on or about May 8, 2019. Per his doctor's directive, Plaintiff was scheduled to remain on medical leave until May 29, 2019.

13. On May 2, 2019, Plaintiff visited CORECIVIC to discuss his request for a medical leave of absence. During the visit, Defendant's HR department erroneously told Plaintiff that he did not qualify for FMLA but that he could take eight weeks of non-FMLA medical leave without losing his job, pursuant to company policy. That same day, however, CORECIVIC emailed Plaintiff information indicating that his FMLA leave *was* approved but that it could not say how many hours, days, or weeks of his absence would count as FMLA leave.

14. On May 14, 2019, while reviewing CORECIVIC's website, Plaintiff saw that it had posted a job opening for his position on its webpage. When Plaintiff asked the HR department whether CORECIVIC intended to replace him, they did not respond to his inquiry.

15. On May 28, 2019, in an email with the HR department, Plaintiff informed CORECIVIC that he intended to return to work by June 3, 2019. During the same email exchange, Plaintiff requested instructions on how to obtain a modified work schedule (i.e. a reasonable accommodation for his condition) when he returned to work.

16. On May 29, 2019, Plaintiff informed CORECIVIC that his doctor had extended his medical leave until July 1, 2019.

17. On June 13, 2019, Plaintiff informed CORECIVIC that his leave would

-4-

likely exceed the eight weeks that HR represented he could take without losing his job.

18. On June 20, 2019, CORECIVIC told Plaintiff that he did not qualify for FMLA leave and that he needed to submit a "Request for non-FMLA Leave."

19. On June 26, 2019, Plaintiff emailed CORECIVIC's HR department explaining that he believed he *did* qualify for FMLA based on the length of his employment and the number of hours he had worked for CORECIVIC, as well as CORECIVIC's prior provision of an "FMLA leave packet." The HR department responded that it was "getting clarification and will make any corrections/changes as necessary."

20. On June 27, 2019, CORECIVIC informed Plaintiff that his FMLA leave was approved and that its previous designation of his leave as non-FMLA was an error. However, the letter provided by CORECIVIC did not provide any details on when the FMLA period started or when it would end.  In fact, the letter identified only Plaintiff's responsibilities with regard to paying his health insurance premiums.

21. On August 2, 2019, CORECIVIC sent a letter to Plaintiff falsely alleging that he had failed to contact it during the month of July and stating that if he did not contact it within five days, it would assume he was "not interested in returning to work" and would terminate his employment.  Contrary to the letter's assertion, Plaintiff had in fact contacted the HR department multiple times during the month of July.

22. On August 6, 2019, Plaintiff informed CORECIVIC that he wanted to keep his job and that he would get a doctor's note during his next appointment on August 8, 2019.  Plaintiff's doctor faxed a note to CORECIVIC on August 9.

23. On August 26, 2019, CORECIVIC told Plaintiff that his protected FMLA leave had expired on July 18, 2019 but that he could remain on unpaid leave if he provided a "Request for Leave (non-FMLA)" on or before September 9, 2019.  The letter also stated that "upon your return to work from non-FMLA leave, [CORECIVIC] will make reasonable efforts to return you to the position you held at the time leave commenced or to an equivalent position."

24. On August 30, 2019, Plaintiff provided a "Request for Leave (non-FMLA)"

-5-

and a supporting doctor's note recommending that Plaintiff remain on leave until December 2, 2019.

25.    In a letter dated September 18, 2019, CORECIVIC told Plaintiff that his non-FMLA leave would expire on October 24, 2019 and that he should "reengage with Human Resources to begin discussion of any type of reasonable accommodation that may be needed to return to work if possible."

26.    On October 14, 2019, Plaintiff submitted a Request for Reasonable Accommodation setting forth several doctor-recommended accommodations which Plaintiff believed would not interfere with his essential job duties.   Among the accommodations was a request that Plaintiff avoid classes in which the resident-inmates discussed their experiences with anger, depression, domestic violence, childhood trauma, and other topics that were likely to precipitate Plaintiff's own anxiety, depression, and suicidal thoughts.  This request was supported by medical notes from Plaintiff's treating doctor, and it was the doctor's recommendation that Plaintiff avoid these topics.

27.    On October 25, 2019, without engaging in the interactive dialogue required under the Fair Employment and Housing Act ("FEHA"), CORECIVIC sent Plaintiff a letter denying his request for accommodation, claiming, among other things, that the accommodations he sought were "not reasonable in light of the essential functions of your job."  The letter further stated that CORECIVIC did not have any vacancies for other jobs which Plaintiff could perform.  Plaintiff is informed and believes that CORECIVIC's justifications for denying his accommodation were false, because the accommodation he sought would not have precluded him from performing his essential job duties and because Plaintiff saw job openings on CORECIVIC's website for which he was unquestionably qualified.

28.    On October 28, 2019, in an effort to trigger the interactive process, Plaintiff emailed CORECIVIC, identifying 18 classes that he knew he could teach, notwithstanding the accommodations he had requested.  Plaintiff knew the proposed accommodations would not interfere with his ability to teach those courses, because he had already taught

-6-

them at CORECIVIC in the past and thus he knew what was required to teach them.

29.    During the month of November 2019, Plaintiff continued to correspond with CORECIVIC in hopes of triggering the interactive process, but CORECIVIC did not engage in any interactive dialogue with Plaintiff.

30.    On December 5, 2019, CORECIVIC sent Plaintiff another letter denying his request for accommodation, this time claiming, among other things, that it was unable to allow Plaintiff to teach the classes he had requested.  Once again, CORECIVIC denied Plaintiff's accommodations without engaging in the required interactive dialogue.

31.    On December 9, 2019, CORECIVIC sent a follow-up letter which was almost identical to its December 5 letter, but again, CORECIVIC denied Plaintiff's request for accommodations without engaging in any good faith dialogue with Plaintiff.

32.    On December 20, 2019, Plaintiff again contacted CORECIVIC to initiate a dialogue on the interactive process, but again, he did not receive a response.

33.    On December 28, 2019, Plaintiff attempted to apply to a clerical position posted on CORECIVIC's website, but he was denied access to the company's intranet.

34.    On or about January 6, 2020, Plaintiff received a letter stating that his employment was terminated, effective immediately.  Among the reasons given were that "the limitations on your ability to facilitate courses do not allow us to reasonably accommodate even a part time schedule for you" and "we still have no other positions open to offer you reassignment."

35.    For the foregoing reasons, Plaintiff is informed and believes that CORECIVIC discriminated and retaliated against him because of his disability/medical condition and his exercise of rights under the FMLA, FEHA, and CFRA.  Plaintiff further believes that CORECIVIC's discriminatory and retaliatory conduct was a substantial factor in causing Plaintiff's harm, including, among other things, being discharged from his job, as alleged herein.

/ / /

-7-

**FIRST CAUSE OF ACTION**
**Disability Discrimination**
**Gov. Code § 12940(a)**
**(Against all Defendants)**

36.     The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

37.     Defendant is an "employer" as defined by Government Code section 12926(d).

38.     At all times relevant herein, Plaintiff was employed by Defendant and was an individual with a disability as defined under the FEHA.

39.     At all times relevant herein, Plaintiff was perceived and/or regarded by Defendant as having a disability as defined under the FEHA.

40.     At all times relevant herein, Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

41.     As a result of Plaintiff's disability, he was in need of a reasonable accommodation, including without limitation, teaching a different mix of courses and taking reasonable and finite time off work to receive treatments and to heal from the symptoms associated with his disability.

42.     Under the FEHA, it is an unlawful employment practice for an employer, because of the disability or medical condition of any person, to discharge or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

43.     Defendant violated the FEHA by terminating Plaintiff on the basis of his disability and medical condition.

44.     In addition, Plaintiff is informed and believes that Defendant employs corporate practices and policies that discriminate against individuals with disabilities and individuals who take medical leave due to disabilities and who are in need of reasonable accommodations.

45.     In engaging in the aforementioned conduct, Defendant and DOES 1-20,

-8-

inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

46.     As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

47.     The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff. Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

48.     As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, *et seq*., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim.  Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

49.     WHEREFORE, Plaintiff requests relief as hereinafter provided below.

## SECOND CAUSE OF ACTION
**Failure to Provide Reasonable Accommodation**
**Gov. Code § 12940(m)**
**(Against all Defendants)**

50.     The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

51.     Defendant is an "employer" as defined by Government Code section 12926(d).

-9-

52. At all times relevant herein, Plaintiff was employed by Defendant and was an individual with a disability as defined under the FEHA.

53. At all times relevant herein, Plaintiff was perceived and/or regarded by Defendant as having a disability as defined under the FEHA.

54. The FEHA requires an employer to make reasonable accommodations for the disability of an employee, such that the employee is able to perform his essential job functions.

55. As a result of his disability, Plaintiff required a reasonable accommodation. The accommodations sought by Plaintiff would not have caused an undue hardship on Defendant's business operations.

56. The defendants, and each of them, failed and refused to grant reasonable accommodations to Plaintiff as required by law, and instead terminated Plaintiff's employment in violation of the FEHA.

57. From the date Plaintiff was hired by Defendant to the date he was terminated, Plaintiff was able to perform the essential functions of his job, with or without a reasonable accommodation, and he performed competently and capably.

58. In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

59. As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

60. The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.

-10-

Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition. Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

61. As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, *et seq.*, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

62. WHEREFORE, Plaintiff requests relief as hereinafter provided below.

## THIRD CAUSE OF ACTION
### Failure to Engage in the Interactive Process
### Gov. Code § 12940(n)
### (Against all Defendants)

63. The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

64. Defendant is an "employer" as defined by Government Code section 12926(d).

65. At all times relevant herein, Plaintiff was employed by Defendant and was an individual with a disability as defined under the FEHA.

66. At all times relevant herein, Plaintiff was perceived and/or regarded by Defendant as having a disability as defined under the FEHA.

67. Pursuant to Government Code section 12940(n), an employer must engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations in response to a request for reasonable accommodations by an employee with a known disability or medical condition. The "interactive process" is the key mechanism for integrating employees with disabilities or medical conditions into the workplace, and liability will be imposed on the employer for failing to engage in this process.

-11-

68.     Plaintiff gave notice to Defendant that he had a disability/medical condition and required reasonable accommodations, including without limitation, teaching a different mix of courses and taking reasonable and finite time off work to receive treatments and to heal from the symptoms associated with his disability.

69.     Despite having notice of Plaintiff's disability and need for a reasonable accommodation, Defendant, by and through its agents and employees, unlawfully failed and refused to engage in a good faith interactive process, in violation of the FEHA.

70.     Rather than engage in a good faith interactive process to ascertain reasonable accommodations that would enable Plaintiff to return to work, Defendant terminated his employment.

71.     In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

72.     As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

73.     The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff. Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

74.     As a direct and proximate result of the foregoing conduct, which violated the

-12-

provisions of Government Code § 12940, *et seq.*, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

75. WHEREFORE, Plaintiff requests relief as hereinafter provided below.

**FOURTH CAUSE OF ACTION**
**Retaliation in Violation of the FEHA**
**Gov. Code § 12940(m)(2)**
**(Against all Defendants)**

76. The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

77. Defendant is an "employer" as defined by Government Code section 12926(d).

78. Pursuant to Government Code section 12940(m)(2), it is an unlawful employment practice for an employer to retaliate or otherwise discriminate against a person for requesting reasonable accommodations for a disability or medical condition.

79. Plaintiff requested reasonable accommodations, including without limitation, teaching a different mix of courses and taking reasonable and finite time off work to receive treatments and to heal from the symptoms associated with his disability. Defendant knew of Plaintiff's disability/medical condition and his requests for accommodations.

80. In response to Plaintiff's request for reasonable accommodations based on his disability/medical condition, Defendant retaliated against Plaintiff by, among other things, terminating his employment.

81. In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

82. As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss

-13-

of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

83.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff. Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

84.    As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, *et seq*., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim.  Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

85.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

**FIFTH CAUSE OF ACTION**
**Retaliation in Violation of the CFRA**
**Gov. Code § 12945, et seq.**
**(Against all Defendants)**

86.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

87.    The laws of the State of California prohibit an employer from retaliating against an employee because the employee has exercised his right to take medical leave under the California Family Rights Act ("CFRA").

88.    As alleged herein, at all times relevant, Defendant was a covered employer as that term is defined under the CFRA.  As alleged herein, and at all times relevant, Plaintiff was a covered employee as that term is defined under the CFRA, and Plaintiff was eligible for CFRA leave.

-14-

COMPLAINT FOR DAMAGES

89. On or about May 2, 2019, Defendant became aware of Plaintiff's need to take medical leave under the CFRA.

90. Because Plaintiff engaged in the legally protected activity of taking a medical leave of absence under the CFRA, Plaintiff suffered adverse employment actions, including without limitation, termination of his employment.

91. In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

92. As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

93. The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff. Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition. Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

94. As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, *et seq.*, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

95. WHEREFORE, Plaintiff requests relief as hereinafter provided below.

COMPLAINT FOR DAMAGES

**SIXTH CAUSE OF ACTION**
**Failure to Prevent Unlawful Discrimination/Harassment**
**Gov. Code § 12940(k)**
**(Against all Defendants)**

96.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

97.    In violation of Government Code section 12940(k), Defendant failed to take all reasonable steps to prevent the discrimination and retaliation suffered by Plaintiff, and failed to take immediate and appropriate corrective action to address, reduce, and cure the conduct alleged herein.

98.    Any policy of Defendant that purported to prevent discrimination, retaliation, or harassment was ineffectively implemented and/or enforced, such that it caused Plaintiff to suffer the adverse conduct alleged herein.

99.    At all times relevant, Defendant failed to provide adequate training and/or education to its personnel and, most particularly, to its officers, managing agents, directors, supervisors, and human resources personnel to address, reduce, and eliminate unlawful discrimination, retaliation, and harassment.

100.    In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

101.    As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

102.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.

-16-

Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

103.    As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, *et seq*., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim.  Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

104.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

### SEVENTH CAUSE OF ACTION
**Wrongful Termination in Violation of Public Policy**
**(Against all Defendants)**

105.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

106.    The above-described conduct by Defendant and its directors, officers, and/or managing agents, and DOES 1-20, and each of them, violated the public policy of the State of California as evidenced by the enactment of the Fair Employment and Housing Act ("FEHA") (Government Code section 12940, et seq.) and the California Family Rights Act ("CFRA") (Government Code section 12900, et seq.).

107.    By terminating Plaintiff and retaliating against Plaintiff's exercise of his rights under the FEHA and the CFRA, the defendants terminated Plaintiff in violation of public policy.

108.    In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

109.    As a direct and proximate result of the aforementioned acts and omissions of

-17-

the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

110.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff. Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

111.    As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, *et seq*., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim.  Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

112.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

### EIGHTH CAUSE OF ACTION
**Failure to Provide Uninterrupted Meal and Rest Breaks**
**Labor Code §§ 226.7, 512**
**(Against all Defendants)**

113.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

114.    During his employment with Defendant, Plaintiff's employment was covered by Labor Code section 226.7 and applicable Wage Orders issued by the California Department of Industrial Relations ("DIR").

115.    Pursuant to Labor Code Section 226.7 and applicable Wage Order(s), Plaintiff was entitled to a duty-free meal period of at least thirty (30) minutes for each workday worked more than five (5) hours.  For each shift of over five (5) hours, in which

-18-

Plaintiff was not provided a duty-free meal break, Plaintiff is entitled to one (1) hour of pay at his regular hourly rate.

116. Pursuant to Labor Code Section 226.7 and applicable Wage Order(s), Plaintiff was entitled to a duty-free rest period of at least ten (10) minutes for every four (4) hours worked per workday. For each shift of over four (4) hours in which Plaintiff was not provided a duty-free rest break, Plaintiff is entitled to an additional one (1) hour of pay at his regular hourly rate.

117. During his employment with Defendant, Plaintiff was regularly not provided with timely uninterrupted thirty (30) minute meal breaks and ten (10) minute rest breaks as required by law.

118. As a result of Defendants' failure to comply with California's meal and rest break regulations, Plaintiff is entitled to compensation of one (1) hour of pay for each work shift longer than five (5) hours during which he was not provided a full thirty (30) minute meal break and an additional one (1) hour of pay for each workday of at least four (4) hours in which he was not provided a ten (10) minute rest break.

119. WHEREFORE, Plaintiff requests relief as hereinafter provided below.

**NINTH CAUSE OF ACTION**
**Failure to Pay Regular and Overtime Wages**
**Labor Code §§ 204, 510, 1194**
**(Against all Defendants)**

120. The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

121. Plaintiff was entitled to regular hourly and overtime compensation for all work time performed for Defendant, in an amount according to proof. Pursuant to California Labor Code section 1194, Plaintiff is entitled to recover his unpaid hourly and overtime compensation, plus attorneys' fees and costs, in an amount to be proved at trial.

122. During Plaintiff's employment with Defendant, within the applicable statute of limitations, Plaintiff consistently worked off-the-clock, receiving no wages for his time or labor. On multiple occasions, Plaintiff would work more than eight hours on a daily

-19-

basis, and/or more than forty hours in a workweek. Defendant willfully and in bad faith refused to pay Plaintiff all owed overtime compensation.

123. WHEREFORE, Plaintiff requests relief as hereinafter provided below.

**TENTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Labor Code § 226**
**(Against all Defendants)**

124. The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

125. Labor Code §226(a) requires every employer, semi-monthly or at the time of each payment of wages, to furnish each of its employees, either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing, among other things, 1) gross wages earned, 2) total hours worked by the employee, 3) all deductions, 4) net wages earned and 5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

126. Pursuant to Labor Code §226(a), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by Plaintiff, including, but not limited to, beginning and ending of each work period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

127. As a pattern and practice, in violation of Labor Code §226(a), Defendant did not furnish Plaintiff an accurate itemized statement in writing showing 1) the true name of his employer, 2) gross wages earned, 3) total hours worked, 4) all deductions, 5) net wages earned, and 6) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

128. As a pattern and practice, in violation of Labor Code §226(a), Defendant did not maintain accurate records pertaining to the total hours worked for Defendant by

-20-

Plaintiff, including but not limited to, beginning and ending of each work period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

129. As a consequence of Defendant's knowing and intentional failure to comply with Labor Code §226, Plaintiff is entitled to recovery under Labor Code §226(e) as follows:

a) Fifty dollars ($50.00) for the initial pay period in which a violation occurred; and

a) One hundred dollars ($100.00) for each violation in a subsequent pay period, not to exceed an aggregate of $4,000.00.

130. Pursuant to Labor Code §226(e) and/or §226(g), Plaintiff is also entitled to interest thereon and an award of costs and reasonable attorneys' fees.

131. WHEREFORE, Plaintiff requests relief as hereinafter provided below.

**ELEVENTH CAUSE OF ACTION**
**Unfair Business Practices**
**Bus. & Prof. Code § 17200, et seq.**
**(Against all Defendants)**

132. The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

133. Defendant's failure to pay overtime wages to Plaintiff as required by the IWC Wage Orders and the California Labor Code, and Defendant's failure to keep proper records, as alleged herein, constitute unlawful activity prohibited by Business and Professions Code sections 17200, et seq.

134. The actions of Defendant, as alleged herein, constitute false, unfair, fraudulent and deceptive business acts and/or practices, within the meaning of Business and Professions Code sections 17200, *et seq*.

135. As a result of these unlawful acts, Defendant has reaped, and continues to reap, unfair benefits at the expense of Plaintiff and other similarly situated employees.

136. Defendant should be enjoined from this activity and made to disgorge these ill-gotten gains and to restore to Plaintiff the wrongfully withheld wages, pursuant to Business and Professions Code section 17200, *et seq*.

137.    Plaintiff has been prejudiced and harmed by Defendant's unfair trade practices because his actual earned and vested wages were not paid and were instead withheld illegally by Defendant.

138.    As a direct and proximate result of the unfair business practices of Defendant, Plaintiff is entitled to equitable and injunctive relief, including full restitution, disgorgement, and/or specific performance of payment of all wages that have been unlawfully withheld from Plaintiff, and enjoinment of Defendant to cease and desist from engaging in the practices described herein.

139.    The illegal conduct alleged herein is continuing, and there is no indication that Defendant will not continue such conduct in the future.  If Defendant is not enjoined from the conduct set forth in this Complaint, it will continue to avoid paying minimum and overtime wages, providing lawful meal and rest periods, and paying appropriate taxes, insurance, and unemployment contributions.

140.    Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendant from engaging in the practices described herein above.

141.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against the defendants and each of them as follows:

1.    For general, special, compensatory, actual, and liquidated damages in amounts to be proven at trial;

2.    For penalties under the California Labor Code, including, without limitation, Labor Code section(s) 226(e) and 226.7;

3.    For punitive and exemplary damages in an amount appropriate to punish the defendant(s) and to deter similar conduct in the future;

4.    For declaratory and injunctive relief under the first, second, third, fourth, fifth, sixth, and eleventh causes of action;

5.    For reasonable attorney's fees and costs of suit and expenses;

-22-

6.      For pre- and post-judgment interest, to the extent allowed by law; and

7.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury in this matter.

Dated:  May 6, 2021                           Respectfully submitted,

                                              LAW OFFICE OF ZACHARY S.
                                              SCHUMACHER

                                              By   */s/ Zachary S. Schumacher*
                                              ZACHARY S. SCHUMACHER


                                              CEARTAS LEGAL LLP

                                              By   */s/ Greg A. Klawitter*
                                              GREG A. KLAWITTER

                                              *Attorneys for Plaintiff*

-23-