PAUL M. GLEASON (SBN: 155569)
JING TONG (SBN: 285061)
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone: (213) 452-0510
Facsimile: (213) 452-0514
pgleason@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendants
CORECIVIC OF TENNESSEE, LLC;
CORECIVIC, LLC; and CORECIVIC, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARDS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company doing business in state of California; CORECIVIC, LLC, a Delaware limited liability company doing business in the state of California; CORECIVIC, INC., a Maryland corporation doing business in the state of California; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00878-H-RBB<br><br>**DEFENDANTS CORECIVIC OF TENNESSEE, LLC, CORECIVIC, LLC AND CORECIVIC, INC.'S ANSWER TO COMPLAINT**<br><br><br><br>Action Filed: May 6, 2021<br>Trial Date: None |

///

///

///

///

1.

## ANSWER

Defendants CoreCivic of Tennessee, LLC, CoreCivic, LLC and CoreCivic, Inc. (hereinafter referred to individually by their individual names and referred to collectively as "Defendant") hereby answer the Complaint of plaintiff John Edwards ("Plaintiff") in the above- captioned matter and hereby admit, aver, and deny the allegations contained therein as follows:

## PARTIES

1. Answering paragraph 1 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations contained in this paragraph of the Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, CoreCivic of Tennessee, LLC admits it is authorized to and does conduct business in the state of California, that it is an LLC organized under the laws of the state of Tennessee, and that it employs individuals in the state of California and in the County of San Diego. Defendant denies each and every remaining allegation contained therein.

3. Answering paragraph 3 of the Complaint, CoreCivic, LLC admits it is an LLC organized under the laws of the state of Delaware.  CoreCivic, LLC denies each and every remining allegation contained therein.

4. Answering paragraph 4 of the Complaint, CoreCivic, Inc. admits it is organized under the laws of the state of Maryland.  CoreCivic, Inc. denies each and every remaining allegation contained therein.

5. Answering paragraph 5 of the Complaint, Defendant denies each and every allegation contained therein.

6. Answering paragraph 6 of the Complaint, Defendant denies each and every allegation contained therein.

7. Answering paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

2.

8. Answering paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

## JURISDICTION AND VENUE

9. Answering paragraph 9 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 9 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Answering paragraph 10 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11. Answering paragraph 11 of the Complaint, Defendant admits that Plaintiff began working for CoreCivic of Tennessee, LLC on September 10, 2018 as a Program Facilitator at a facility in San Diego, and that he was an hourly, non-exempt employee. Defendant denies each and every remaining allegation in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in the first, second, and fifth sentences of this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in the first, second, and fifth sentences of paragraph 12 of the Complaint. Defendant admits the allegations in the third sentence that Plaintiff contacted CoreCivic of Tennessee, LLC's human resources assistant to notify her that he was taking leave. Defendant denies each and every remaining allegation in the third sentence of paragraph 12. Defendant admits the allegation in the fourth sentence that Plaintiff was given a "Request for Leave (FMLA)" form which he and his treating doctor

3.

submitted to CoreCivic of Tennessee, LLC. Defendant lacks sufficient knowledge or information of the remaining allegations in the fourth sentence to allow it to admit or deny such allegations and on this basis, Defendant denies each and every remaining allegation in the fourth sentence of paragraph 12.

13.   Answering paragraph 13 of the Complaint, Defendant admits the allegations contained in the first and second sentences therein.  Defendant also admits the allegation in the third sentence that on May 2, 2019, CoreCivic of Tennessee, LLC informed Plaintiff that his FMLA leave was approved.  Defendant denies each and every remaining allegation in the third sentence of paragraph 13.

14.   Answering paragraph 14 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in the first sentence of this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in the first sentence of paragraph 14 of the Complaint. Defendant denies each and every allegation contained in the second sentence of paragraph 14.

15.   Answering paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16.   Answering paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

17.   Answering paragraph 17 of the Complaint, Defendant admits that Plaintiff informed CoreCivic of Tennessee, LLC that due to his medical condition there is a chance he could be out past eight weeks. Defendant denies each and every remaining allegation in paragraph 17 of the Complaint.

18.   Answering paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19.   Answering paragraph 19 of the Complaint, Defendant admits the allegations in the first sentence that Plaintiff emailed CoreCivic of Tennessee, LLC explaining that he believed he did qualify for FMLA based on his length of

4.

employment and number of hours he had worked for Defendant. Defendant denies each and every remaining allegation in the first sentence of paragraph 19. Defendant admits the allegations in the second sentence of paragraph 19 of the Complaint.

20.   Answering paragraph 20 of the Complaint, Defendant admits the allegations in the first and second sentences thereof. Defendant denies each and every allegation in the third sentence of paragraph 20. Defendant affirmatively alleges that the June 27, 2019 letter to Plaintiff from CoreCivic of Tennessee, LLC provided, in part, "If you have any questions or need additional information, please let me know" and provided the telephone number for CoreCivic of Tennessee, LLC's Human Resources Manager.

21.   Answering paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22.   Answering paragraph 22 of the Complaint, Defendant admits that Plaintiff stated to CoreCivic of Tennessee, LLC he is interested in returning to work. Defendant denies each and every remaining allegation in the first sentence thereof. Defendant lacks sufficient knowledge or information of the allegations in the second sentence of paragraph 22 to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in the second sentence of paragraph 22.

23.   Answering paragraph 23 of the Complaint, Defendant admits that on August 26, 2019, CoreCivic of Tennessee, LLC told Plaintiff that his FMLA leave expired on July 18, 2019. Defendant denies each and every remaining allegation in the first sentence thereof. Defendant admits the allegations in the second sentence of paragraph 23.

24.   Answering paragraph 24 of the Complaint, Defendant admits the allegations contained therein.

25.   Answering paragraph 25 of the Complaint, Defendant admits THAT CoreCivic of Tennessee, LLC provided Plaintiff with a letter dated September 18,

5.

2019 stating, in part, that Plaintiff's Non-FMLA would expire on October 24, 2019 and that, "As a next step, we request that at least 15 business days prior to October 24, 2019, or by October 3, 2019, you reengage with Human Resources to begin discussion of any type of reasonable accommodation that may be needed to return to work if possible. Defendant denies each and every remaining allegation in paragraph 25.

26.    Answering paragraph 26 of the Complaint, Defendant admits the allegation in the first sentence that on October 14, 2019, Plaintiff submitted a Request for Accommodation to CoreCivic of Tennessee, LLC. Defendant denies each and every remaining allegation in the first sentence of paragraph 26. Defendant admits the allegation in the second sentence that the accommodations requested by Plaintiff included "No classes about trauma, stress, parenting, childhood, anger, DV, depression, relationships or addictions." Defendant denies each and every remaining allegation in the second sentence of paragraph 26. Defendant admits the allegation in the third sentence that Plaintiff submitted supporting documentation to CoreCivic of Tennessee, LLC for his request for accommodation that was signed by his health care provider. Defendant denies each and every remaining allegation in the third sentence of paragraph 26.

27.    Answering paragraph 27 of the Complaint, Defendant admits that CoreCivic of Tennessee, LLC responded to Plaintiff's request for reasonable accommodation by letter dated October 25, 2019, wherein it informed Plaintiff, in part, that Plaintiff's request for "No classes or addressing topics involving stress, anger, depression, DV, trauma, parenting, childhood, relationships or addiction . . . is not reasonable in light of the essential functions of your job." Defendant also admits that the October 25, 2019 letter also included the statement "Currently, we do not have any vacancies." Defendant denies each and every remaining allegation in paragraph 27.

/ / /

6.

28. Answering paragraph 28 of the Complaint, Defendant denies each and every allegation in the first sentence therein. Defendant lacks sufficient knowledge or information of the allegations in the second sentence to allow it to admit or deny such allegations, and on that basis, Defendant denies each and every allegation contained in the second sentence of paragraph 28.

29. Answering paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

30. Answering paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. Answering paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. Answering paragraph 32 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

33. Answering paragraph 33 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations in this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained therein.

34. Answering paragraph 34 of the Complaint, Defendant denies each and every allegation contained in the first sentence of paragraph 34. Defendant admits the allegation in the second sentence that the letter states that "the limitations on your ability to facilitate courses do not allow us to reasonably accommodate even a part time schedule for you" and "we still have no other positions open to offer you reassignment." Defendant denies each and every remaining allegation contained in the second sentence of paragraph 34.

35. Answering paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

7.

# FIRST CAUSE OF ACTION

## Disability Discrimination

## Gov. Code § 12940(a)

## (Against all Defendants)

36. Answering paragraph 36 of the Complaint, Defendant re-avers and incorporates by reference its responses in the preceding paragraphs of this Answer as though fully stated herein.

37. Answering paragraph 37 of the Complaint, CoreCivic of Tennessee, LLC admits it was an "employer." Defendants CoreCivic, LLC and CoreCivic, Inc. deny they were Plaintiff's employer. Defendant denies each and every remaining allegation in paragraph 37.

38. Answering paragraph 38 of the Complaint, CoreCivic of Tennessee, LLC admits it was Plaintiff's employer. Defendants CoreCivic, LLC and CoreCivic, Inc. deny they were Plaintiff's employer. Defendant lacks sufficient knowledge or information of the remaining allegations in paragraph 38 to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every remaining allegation in paragraph 38 of the Complaint.

39. Answering paragraph 39 of the Complaint, Defendant admits it received documents from Plaintiff requesting reasonable accommodations. Defendant denies each and every remaining allegation in paragraph 39 of the Complaint.

40. Answering paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. Answering paragraph 41 of the Complaint, Defendant denies each and every allegation contained therein.

42. Answering paragraph 42 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 42 of the Complaint.

8.

43.     Answering paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

44.     Answering paragraph 44 of the Complaint, Defendant denies each and every allegation contained therein.

45.     Answering paragraph 45 of the Complaint, Defendant denies each and every allegation contained therein.

46.     Answering paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

47.     Answering paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein.

48.     Answering paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49.     Answering paragraph 49 of the Complaint, Defendant expressly denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## SECOND CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation

### Gov. Code § 12940(m)

### (Against all Defendants)

50.     Answering paragraph 50 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

51.     Answering paragraph 51 of the Complaint, CoreCivic of Tennessee, LLC admits it was an "employer." Defendants CoreCivic, LLC and CoreCivic, Inc. deny they were Plaintiff's employer.  Defendant denies each and every remaining allegation in paragraph 51.

9.

52. Answering paragraph 52 of the Complaint, CoreCivic of Tennessee, LLC admits it was Plaintiff's "employer." Defendants CoreCivic, LLC and CoreCivic, Inc. deny they were Plaintiff's employer. Defendant denies each and every remaining allegation in paragraph 52.

53. Answering paragraph 53 of the Complaint, Defendant admits it received documents from Plaintiff requesting reasonable accommodations. Defendant denies each and every remaining allegation in paragraph 53 of the Complaint.

54. Answering paragraph 54 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited regulations speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 54 of the Complaint.

55. Answering paragraph 55 of the Complaint, Defendant lacks sufficient knowledge or information of the allegations contained in the first sentence of paragraph 55 of the Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in the first sentence of the paragraph 55. Defendant denies each and every allegation contained in the second sentence of paragraph 55 of the Complaint.

56. Answering paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57. Answering paragraph 57 of the Complaint, Defendant denies each and every allegation contained therein.

58. Answering paragraph 58 of the Complaint, Defendant denies each and every allegation contained therein.

59. Answering paragraph 59 of the Complaint, Defendant denies each and every allegation contained therein.

60. Answering paragraph 60 of the Complaint, Defendant denies each and every allegation contained therein.

/ / /

**DEFENDANTS CORECIVIC OF TENNESSEE, LLC, CORECIVIC, LLC AND CORECIVIC, INC.'S ANSWER TO COMPLAINT**

USDC Case No. 3:21-cv-00878-H-RBB

61. Answering paragraph 61 of the Complaint, Defendant denies each and every allegation contained therein.

62. Answering paragraph 62 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## THIRD CAUSE OF ACTION

### Failure to Engage in the Interactive Process

### Gov. Code § 12940(n)

### (Against all Defendants)

63. Answering paragraph 63 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

64. Answering paragraph 64 of the Complaint, CoreCivic of Tennessee, LLC admits it was an "employer." Defendants CoreCivic, LLC and CoreCivic, Inc. deny they were Plaintiff's employer. Defendant denies each and every remaining allegation in paragraph 64.

65. Answering paragraph 65 of the Complaint, CoreCivic of Tennessee, LLC admits it was Plaintiff's "employer." Defendants CoreCivic, LLC and CoreCivic, Inc. deny they were Plaintiff's employer. Defendant denies each and every remaining allegation in paragraph 65.

66. Answering paragraph 66 of the Complaint, Defendant admits it received documents from Plaintiff requesting reasonable accommodations. Defendant denies each and every remaining allegation in paragraph 66 of the Complaint.

67. Answering paragraph 67 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies

11.

each and every allegation contained in paragraph 67 of the Complaint.

68.   Answering paragraph 68 of the Complaint, Defendant admits that Plaintiff gave notice that he had a medical condition and requested accommodations. Defendant denies each and every remaining allegation in paragraph 68.

69.   Answering paragraph 69 of the Complaint, Defendant denies each and every allegation contained therein.

70.   Answering paragraph 70 of the Complaint, Defendant denies each and every allegation contained therein.

71.   Answering paragraph 71 of the Complaint, Defendant denies each and every allegation contained therein.

72.   Answering paragraph 72 of the Complaint, Defendant denies each and every allegation contained therein.

73.   Answering paragraph 73 of the Complaint, Defendant denies each and every allegation contained therein.

74.   Answering paragraph 74 of the Complaint, Defendant denies each and every allegation contained therein.

75.   Answering paragraph 75 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of the FEHA

### Gov. Code § 12940(m)(2)

### (Against all Defendants)

76.   Answering paragraph 76 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

12.

77. Answering paragraph 77 of the Complaint, CoreCivic of Tennessee, LLC admits it was an "employer." Defendants CoreCivic, LLC and CoreCivic, Inc. deny they were Plaintiff's employer. Defendant denies each and every remaining allegation in paragraph 77.

78. Answering paragraph 78 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 78 of the Complaint.

79. Answering paragraph 79 of the Complaint, Defendant admits that Plaintiff requested reasonable accommodations and that Plaintiff had informed CoreCivic of Tennessee, LLC about his medical condition. Defendant denies each and every remaining allegation in paragraph 79.

80. Answering paragraph 80 of the Complaint, Defendant denies each and every allegation contained therein.

81. Answering paragraph 81 of the Complaint, Defendant denies each and every allegation contained therein.

82. Answering paragraph 82 of the Complaint, Defendant denies each and every allegation contained therein.

83. Answering paragraph 83 of the Complaint, Defendant denies each and every allegation contained therein.

84. Answering paragraph 84 of the Complaint, Defendant denies each and every allegation contained therein.

85. Answering paragraph 85 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

///

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of the CFRA

### Gov. Code § 12945, et seq.

### (Against all Defendants)

86.     Answering paragraph 86 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

87.     Answering paragraph 87 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Answering paragraph 88 of the Complaint, Defendant admits that CoreCivic of Tennessee, LLC was a covered employer under the CFRA. Defendant denies each and every remaining allegation in the first sentence of paragraph 88. Defendant lacks sufficient knowledge or information of the allegations in the second sentence of this paragraph of Plaintiff's Complaint to allow it to admit or deny such allegations, and on this basis, Defendant denies each and every allegation contained in the second sentence of paragraph 88 of the Complaint.

89.     Answering paragraph 89 of the Complaint, Defendant admits that on or about May 2, 2019, Plaintiff informed CoreCivic of Tennessee, LLC that he needed medical leave. Defendant denies each and every remaining allegation in paragraph 89 of the Complaint.

90.     Answering paragraph 90 of the Complaint, Defendant denies each and every allegation contained therein.

91.     Answering paragraph 91 of the Complaint, Defendant denies each and every allegation contained therein.

92.     Answering paragraph 92 of the Complaint, Defendant denies each and every allegation contained therein.

14.

93. Answering paragraph 93 of the Complaint, Defendant denies each and every allegation contained therein.

94. Answering paragraph 94 of the Complaint, Defendant denies each and every allegation contained therein.

95. Answering paragraph 95 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## SIXTH CAUSE OF ACTION

### Failure to prevent Unlawful Discrimination/Harassment

### Gov. Code § 12940(k)

### (Against all Defendants)

96. Answering paragraph 96 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

97. Answering paragraph 97 of the Complaint, Defendant denies each and every allegation contained therein.

98. Answering paragraph 98 of the Complaint, Defendant denies each and every allegation contained therein.

99. Answering paragraph 93 of the Complaint, Defendant denies each and every allegation contained therein.

100. Answering paragraph 100 of the Complaint, Defendant denies each and every allegation contained therein.

101. Answering paragraph 101 of the Complaint, Defendant denies each and every allegation contained therein.

102. Answering paragraph 102 of the Complaint, Defendant denies each and every allegation contained therein.

15.

103. Answering paragraph 103 of the Complaint, Defendant denies each and every allegation contained therein.

104. Answering paragraph 104 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## SEVENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against all Defendants)

105. Answering paragraph 105 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

106. Answering paragraph 106 of the Complaint, Defendant denies each and every allegation contained therein.

107. Answering paragraph 107 of the Complaint, Defendant denies each and every allegation contained therein.

108. Answering paragraph 108 of the Complaint, Defendant denies each and every allegation contained therein.

109. Answering paragraph 109 of the Complaint, Defendant denies each and every allegation contained therein.

110. Answering paragraph 110 of the Complaint, Defendant denies each and every allegation contained therein.

111. Answering paragraph 111 of the Complaint, Defendant denies each and every allegation contained therein.

112. Answering paragraph 112 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and

16.

exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## EIGHTH CAUSE OF ACTION

### Failure to Provide Uninterrupted Meal and Rest Breaks

### Labor Code §§ 226.7, 512

### (Against all Defendants)

113.   Answering paragraph 113 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

114.   Answering paragraph 114 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 114 of the Complaint.

115.   Answering paragraph 115 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 115 of the Complaint.

116.   Answering paragraph 116 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 116 of the Complaint.

117.   Answering paragraph 117 of the Complaint, Defendant denies each and every allegation contained therein.

118.   Answering paragraph 118 of the Complaint, Defendant denies each and every allegation contained therein.

119.   Answering paragraph 119 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and

17.

exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## NINTH CAUSE OF ACTION

### Failure to Pay Regular and Overtime Wages

### Labor Code §§ 204, 510, 1194

### (Against all Defendants)

120.   Answering paragraph 120 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

121.   Answering paragraph 121 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 121 of the Complaint.

122.   Answering paragraph 122 of the Complaint, Defendant denies each and every allegation contained therein.

123.   Answering paragraph 123 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## TENTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### Labor Code § 226

### (Against all Defendants)

124.   Answering paragraph 124 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

/ / /

18.

125.   Answering paragraph 125 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 125 of the Complaint.

126.   Answering paragraph 126 of the Complaint, this paragraph of Plaintiff's Complaint contains statements of law to which no response is required. The cited statutes speak for themselves. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 126 of the Complaint.

127.   Answering paragraph 127 of the Complaint, Defendant denies each and every allegation contained therein.

128.   Answering paragraph 128 of the Complaint, Defendant denies each and every allegation contained therein.

129.   Answering paragraph 129 of the Complaint, Defendant denies each and every allegation contained therein.

130.   Answering paragraph 130 of the Complaint, Defendant denies each and every allegation contained therein.

131.   Answering paragraph 131 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief

## ELEVENTH CAUSE OF ACTION

### Unfair Business Practices

### Bus. & Prof. Code § 17200, et seq.

### (Against all Defendants)

132.   Answering paragraph 132 of the Complaint, Defendant re-avers and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully stated herein.

133.    Answering paragraph 133 of the Complaint, Defendant denies each and every allegation contained therein.

134.    Answering paragraph 134 of the Complaint, Defendant denies each and every allegation contained therein.

135.    Answering paragraph 135 of the Complaint, Defendant denies each and every allegation contained therein.

136.    Answering paragraph 136 of the Complaint, Defendant denies each and every allegation contained therein.

137.    Answering paragraph 137 of the Complaint, Defendant denies each and every allegation contained therein.

138.    Answering paragraph 138 of the Complaint, Defendant denies each and every allegation contained therein.

139.    Answering paragraph 139 of the Complaint, Defendant denies each and every allegation contained therein.

140.    Answering paragraph 140 of the Complaint, Defendant denies each and every allegation contained therein.

141.    Answering paragraph 141 of the Complaint, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including but not limited to, general, special, compensatory, actual, liquidated damages, penalties, punitive and exemplary damages, declaratory and injunctive relief, attorney's fees and costs of suit and expenses, interest, or any other further relief.

## **PRAYER**

In response to Plaintiff's Prayer, Defendant denies that Plaintiff is entitled to any type of relief whatsoever, including, but not limited to, compensatory damages (including back pay, front pay, and other monetary relief), special damages, mental and emotional distress damages, punitive damages, costs of suit, attorneys' fees, interest, injunctive relief, or any other further relief.

/ / /

20.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Government Code sections 12900, *et seq.*, 12960 and 12965 and California Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343, and/or any other applicable statutes of limitation.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes and based upon such information and belief alleges that Plaintiff has or had unclean hands with respect to the matters alleged in his Complaint, and on that ground, is barred from recovering any relief on his Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

4. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has failed to exhaust his administrative remedies, including those set forth in California Government Code Section 12940, *et seq.*

///

21.

## FIFTH AFFIRMATIVE DEFENSE

## (Estoppel)

5. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is barred, in whole or in part, for the reason that, by his actions, Plaintiff is estopped from bringing any claim for relief against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

## (Waiver)

6. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes and based upon such information and belief alleges that by his conduct, Plaintiff has waived any right to recover any relief by his Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

## (Failure to State A Cause of Action)

7. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that each purported cause of action in the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

## (Workers' Compensation Exclusive Remedy)

8. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reasons of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for such damages are governed by the California Workers' Compensation Act. Cal. Labor Code §§ 3200, *et seq.* and §§ 3600, *et seq*.

/ / /

/ / /

/ / /

22.

## NINTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

9.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that said Complaint fails to allege complaints sufficient to allow recovery of attorneys' fees from Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such damages because by his own acts and omissions, he has failed to properly mitigate those damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

11.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that Plaintiff's right to recovery is barred in whole or in part by the doctrine of After-Acquired Evidence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

12.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges, assuming *arguendo,* that there was a violation of the Fair Employment and Housing Act and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible conduct, the employment actions taken herein still would have been taken due to work performance reasons and/or other legitimate, nonprohibited, and/or independent reason(s).  Defendant herewith raises the "mixed-motive" defense.

23.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Preventative or Corrective Opportunity)

13.     As a separate and affirmative defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that at all times relevant hereto, Defendant exercised reasonable care to prevent and correct promptly any purportedly harassing behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claim is barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not Plaintiff's Employer)

14.     As a separate and affirmative defense, Defendant CoreCivic, Inc. cannot be liable for any of the claims asserted against it in the Complaint because it was not Plaintiff's employer and is therefore an improperly named entity.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lawful Conduct)

15.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that none of Defendant's acts were spiteful, malicious, in bad faith or motivated by any ill will or fraud. Instead, Defendant's acts, if any, were privileged, non-discriminatory, non-harassing, non-retaliatory, proper and taken in accordance with Defendant's rights as accorded by law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Cause/Legitimate Business Reason)

16.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that, at all relevant times, Defendant acted with a good faith belief that it had good cause and/or a legitimate non-retaliatory business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.   As a

24.

consequence, Plaintiff is not entitled to any damages or penalties whatsoever.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

17.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that some or all of Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was done by persons or entities other than Defendant and, that at all time, said persons or entities acted without the consent, authorization, knowledge, or ratification of Defendant with regard to the acts as alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

18.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recover punitive damages because neither Defendant nor any of its employees or agents have committed fraudulent, oppressive, malicious, willful, or egregious acts giving rise to liability, nor have they displayed reckless indifference to Plaintiff's rights and Plaintiff has not adequately pled a claim for punitive damages under California Civil Code Section 3294.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contributory or Comparative Fault of Plaintiff)

19.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff was, at all times mentioned in the Complaint, guilty of comparative and/or contributory negligence or fault and is therefore barred from recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Apportionment of Responsibility)

20.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained any

25.

loss under the circumstances alleged in the Complaint, which is denied, Defendant is liable only for that portion of damages, if any, which corresponds to Defendant's degree of fault or responsibility, and Defendant is not liable for damages attributable to the responsibility, negligence or fault of Plaintiff or of any other person or entity, whether named or unnamed in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## (Pre-Existing Condition)

21.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recover damages to the extent that any purported emotional distress damages allegedly suffered by Plaintiff were caused by any pre-existing psychological condition(s).

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## (At-will employee)

22.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that some or all of Plaintiff's claims fail because Plaintiff was at all time employed as an at-will employee of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## (Wages Paid)

23.   To the extent that Plaintiff has been paid the alleged wages referenced in the Complaint, the Complaint, and each cause of action therein on behalf of Plaintiff, is barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
## (Consent)

24.   The Complaint, and each cause of action set forth therein, is barred, in whole or in part, because Plaintiff consented to, approved, or participated in the alleged conduct about which Plaintiff now complains.

DEFENDANTS CORECIVIC OF TENNESSEE, LLC, CORECIVIC, LLC AND CORECIVIC, INC.'S
ANSWER TO COMPLAINT
USDC Case No. 3:21-cv-00878-H-RBB

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Mistake)

25.   The Complaint, and each cause of action therein, is barred in whole or in part based on Defendant's good faith mistake of fact.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reliance on DLSE Policies and Procedures)

26.   The Complaint, and each cause of action alleged therein, is barred in whole or in part, because Defendant relied in good faith upon written guidelines, interpretations and rules promulgated by the California Department of Industrial Relations, California Division of Labor Standards Enforcement ("DLSE"), and upon the administrative practice and enforcement policies of the DLSE.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Conduct)

27.   The Complaint, and each cause of action therein, is barred in whole or in part, because Defendant engaged in reasonable conduct under the circumstances and under their pay obligations under California wage and hour law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Meal periods authorized)

28.   The Complaint, and each purported cause of action claiming meal period violations  therein, is barred in whole or in part, because at all relevant times Defendant authorized and permitted and never impeded the taking of statutory meal periods by Plaintiff and/or Plaintiff did take meal periods or freely and voluntarily chose to forego or waive a timely meal period.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Rest Periods Authorized)

29.   The Complaint, and each purported cause of action claiming rest period violations   therein, is barred in whole or in part, because at all relevant  times Defendant authorized and permitted and never impeded the taking of rest periods by

27.

Plaintiff and/or Plaintiff did take rest periods or voluntarily and freely chose to forego or waive his/her rest period.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Good Faith and Reasonable Belief)

30. The Complaint, on behalf of Plaintiff is barred in whole or in part because Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that they had complied fully with California wage and hour laws and have a good faith legal defense to all claims.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

31. Defendant denies that it owes any amounts to Plaintiff; but if it should be determined that any amounts are owed, Defendant alleges that at all times herein, reasonable good faith disputes existed as to whether any such amounts were owed.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Satisfaction and Accord)

32. Plaintiff's Complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Novation)

33. The Complaint, and each cause of action therein, is barred, in whole or in part, based on one or more novations.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Jurisdiction)

34. To the extent Plaintiff makes allegations or claims which were not made the subject of a timely complaint or petition against Defendant submitted or filed by or on behalf of Plaintiff with the appropriate administrative or governmental agency or department, the Court lacks jurisdiction with respect to any such allegations or claims.

28.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

## (Avoidable Consequences)

35.   Plaintiff is not entitled to recover any damages as prayed for in the Complaint on the grounds that such damages could have been avoided under the doctrine of avoidable consequences.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

## (No Actual Injuries)

36.   The Complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiff has not suffered any actual injury by reason of any of Defendant's acts, conduct, or omissions as alleged in the Complaint.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

## (At-Will Employment)

37.   The Complaint, and each cause of action contained therein, is barred, in whole or in part, because at all times Plaintiff's employment with Defendant was at-will as a matter of law pursuant to *California Labor Code* Section 2922.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

## (Outside Course and Scope of Employment)

38.   To the extent any alleged discrimination occurred, which Defendant denies, any alleged discrimination committed by any employees or agents of Defendant was outside the scope and course their respective employment.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

## (Not Disabled)

39.   Plaintiff was not disabled within the meaning of *California Government Code* Section 12926 *et seq.;* and therefore, the Complaint, and each cause of action alleged therein, fails.

/ / /

/ / /

/ / /

**DEFENDANTS CORECIVIC OF TENNESSEE, LLC, CORECIVIC, LLC AND CORECIVIC, INC.'S ANSWER TO COMPLAINT**

**USDC Case No. 3:21-cv-00878-H-RBB**

## FORTIETH AFFIRMATIVE DEFENSE

## (No Accommodation Requested)

40.   Plaintiff never requested any reasonable accommodation and, therefore, cannot state a disability claim, including but not limited to any claim for alleged disability discrimination under *California Government Code* Section 12940 *et seq.*

## FORTY-FIRST AFFIRMATIVE DEFENSE

## (Failure to Engage in Interactive Process)

41.   Plaintiff has waived or, alternatively, cannot state nor assert any cause of action for any alleged disability discrimination under *California Government Code* Section 12940 *et seq.* because of the failure of Plaintiff and/or his agents to cooperate and or engage in the interactive process.

## FORTY-SECOND AFFIRMATIVE DEFENSE

## (Not Qualified)

42.   Plaintiff was not qualified or could not perform the essential duties of his position with or without reasonable accommodation.

## FORTY-THIRD AFFIRMATIVE DEFENSE

## (Unreasonable Request/Undue Hardship)

43.   To the extent Plaintiff claims that he requested an accommodation, such request was unreasonable and would have produced an undue hardship. Therefore, Plaintiff cannot maintain any disability claim, including but not limited to any claim under *California Government Code* Section 12940 *et seq.*

## FORTY-FOURTH AFFIRMATIVE DEFENSE

## (Risk of Safety and Health of Plaintiff and Others)

44.   Plaintiff was not qualified or could not perform the essential duties of his position in a manner that would not endanger his health or safety or the health or safety of others, with or without reasonable accommodation.

///

///

**DEFENDANTS CORECIVIC OF TENNESSEE, LLC, CORECIVIC, LLC AND CORECIVIC, INC.'S ANSWER TO COMPLAINT**

**USDC Case No. 3:21-cv-00878-H-RBB**

## FORTY-FIFTH AFFIRMATIVE DEFENSE

## (No Certification from Health-Care Provider)

45.   The Complaint, and each cause of action therein, is barred, in whole or in part, on the grounds that Plaintiff failed timely to provide Defendant with a health-care provider's certification of Plaintiff's alleged restrictions.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

## (Release/ Assignment/Settlement)

46.   Plaintiff's claims are barred, in whole or in part, because they or any rights related thereto have been released and/or assigned, and/or by any prior settlement of such claims.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

## (Managerial Privilege)

47.   Plaintiff's claims are barred, in whole or in part, by the doctrine of managerial privilege or immunity.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

## (Privilege, Justification and/or Free Speech)

48.   The acts and statements of Defendant herein were privileged, justified and/or protected as free speech, in whole or in part, as a matter of California and/or federal law, including, but not limited to, the common law, Section 47 of the California Civil Code, and Article I, Sections 2 and 3 of the California Constitution and the First and Fourteenth Amendments to the United States Constitution, and therefore cannot give rise to liability herein.

## FORTY-NINTH AFFIRMATIVE DEFENSE

## (Lack of Malice)

49.   Plaintiff's claims are barred, in whole or in part, because all of the conduct, acts, and omissions of Defendant were undertaken without malice.

///

///

## FIFTIETH AFFIRMATIVE DEFENSE

### (Offset/Setoff)

50.   If Plaintiff sustained any damage as a result of conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled to offset/setoff against any such recovery any and all amounts owed to Defendant by Plaintiff, any overpayments to Plaintiff, any damages or harm caused to Defendant by Plaintiff's actions or inaction, including without limitation, amounts received by Plaintiff as income or payments from other sources, including but not limited to that received under federal or state disability benefits laws, or by any other benefits received by Plaintiff.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

51.   The imposition of any liability upon Defendant would unjustly enrich Plaintiff.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Offset)

52.   Even if the California Workers' Compensation laws do not provide the exclusive remedy for damages, to the extent that Plaintiff alleges he sustained injuries as the result of his employment relationship with Defendant, any civil damages to which Plaintiff is entitled must be offset by any award or settlement received under the Workers' Compensation laws.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (ERISA)

53.   Plaintiff is not entitled to recover any compensatory or other monetary damages for any alleged benefits as prayed for, including medical or retirement benefits, because the exclusive remedy for such alleged damages is the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*

/ / /

32.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE
### (Breach of Employment Obligations)

54. The Complaint is barred and/or the alleged damages must be reduced, in whole or in part, because Plaintiff breached his obligations to his employer.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

55. Plaintiff's claims, or some of them, are barred in whole or in part for lack of standing.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE
### (No Entitlement to Prejudgment Interest)

56. Any claim for prejudgment interest is barred as to any purported cause of action for which such relief is not available.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Penalties/Lack of Willfulness)

57. Plaintiff is not entitled to any penalty award, including, but not limited to any penalties under *California Government Code* Section 12940 *et seq.* and/or any other penalties alleged in the Complaint, because, at all relevant times, Defendant did not willfully fail to comply with the provisions of California and federal law, but rather acted in good faith and had reasonable grounds for believing that it did not violate relevant laws or the specified provisions.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages/Penalties Unconstitutional)

58. Plaintiff is not entitled to recover any punitive or exemplary damages, or any penalties, as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages or penalties under California law in general, and/or any such award under California law as applied to the facts of this specific action, would violate the constitutional rights of Defendant under provisions of the United States and California Constitutions, including but not limited to the due process

33.

clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

59. Plaintiff's claims are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as they understood them.

## SIXTIETH AFFIRMATIVE DEFENSE

### (Impossibility)

60. Plaintiff's claims are barred, in whole or in part, by impossibility of performance.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### (Substantial Compliance)

61. Defendant substantially complied with all obligations under the law.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption)

62. Plaintiff's claims are preempted, in whole or in part, because such claims encroach upon, supplement, or alter a federally occupied field and present an obstacle to the accomplishment of Congress' regulation of that field.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

63. Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

///

///

34.

## **PRAYER**

WHEREFORE, Defendants prays as follows:

1. That Plaintiff takes nothing by this action;

2. That the Complaint be dismissed with prejudice;

3. That judgment be entered in favor of Defendant;

4. For costs of suit and for reasonable attorneys' fees incurred by Defendant; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 16, 2021                        GLEASON & FAVAROTE, LLP
                                            PAUL M. GLEASON
                                            JING TONG


                                            By: /s/ Paul M. Gleason
                                                   Paul M. Gleason

                                            Attorneys for Defendant CORECIVIC
                                            OF TENNESSEE LLC

35.

**DEFENDANTS CORECIVIC OF TENNESSEE, LLC, CORECIVIC, LLC AND CORECIVIC, INC.'S ANSWER TO COMPLAINT**

**USDC Case No. 3:21-cv-00878-H-RBB**

## **PROOF OF SERVICE**

I, Paul M. Gleason, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On June 16, 2021, I served a copy(ies) of the following document(s):

**DEFENDANTS CORECIVIC OF TENNESSEE, LLC, CORECIVIC, LLC AND CORECIVIC, INC.'S ANSWER TO COMPLAINT**

on the parties to this action as follows:

| Attorney | Party(ies) Served | Method of Service |
| --- | --- | --- |
| Zachary S. Schumacher<br>LAW OFFICE OF ZACHARY S. SCHUMACHER<br>1901 1st Ave., First Floor<br>San Diego, CA 92101<br>Tel:  (619) 344-0800<br>zach@schumacher-law.com | Counsel for Plaintiff<br>JOHN EDWARDS | CM/ECF |
| Greg A. Klawitter<br>CEARTSA LEGAL LLP<br>2262 Carmel Valley Road, Ste. F<br>Del Mar, CA 92014<br>Tel.: (858) 356-9979<br>Greg.klawitter@ceartaslegal.com | Counsel for Plaintiff<br>JOHN EDWARDS | CM/ECF |

☒     [BY CM/ECF SYSTEM]  I caused the above-referenced document(s) to be sent by electronic transmission to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court.  I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on June 16, 2021, at Long Beach, California.

/s/ Paul M. Gleason
Paul M. Gleason

1.
**PROOF OF SERVICE**