UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARDS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 21cv878-H(RBB)<br><br>**ORDER DENYING MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND REQUEST FOR MONETARY SANCTIONS**<br>**[ECF NO. 13]** |

On September 22, 2021, Defendants CoreCivic of Tennessee, LLC; Corecivic, LLC; and CoreCivic, Inc. (collectively "CoreCivic") filed a Motion to Disqualify Plaintiff's Counsel and Request for Monetary Sanctions [ECF No. 13]. Plaintiff John Edwards filed an opposition on October 8, 2021 [ECF No. 14]. Defendants filed a reply on October 18, 2021 [ECF No. 16]. On October 12, 2021, the Honorable Marilyn L. Huff referred Defendants' motion to this Court for resolution [ECF No. 15].[1] The Court

---

[1] Magistrate judges are authorized under Rule 72(a) of the Federal Rules of Civil Procedure to rule upon motions to disqualify as nondispositive. Howe Inv., Ltd. v. Perez Y Cia. de Puerto Rico, Inc., 96 F. Supp. 2d 106, 113 (D.P.R. 2000).

took this matter under submission on October 19, 2021.  For the reasons discussed below, Defendants' motion is **DENIED**.

## I.  BACKGROUND

This action arises out of Plaintiff's employment with CoreCivic as a program facilitator at one of its private prison facilities in San Diego.  (Compl. 3, ECF No. 1.)  Plaintiff's job duties included planning and implementing workshops and classroom activities to prepare inmates for civilian life after incarceration.  (Id. at 4.)  During his employment, Edwards took medical leave pursuant to the Family Medical Leave Act ("FMLA") and non-FMLA leave due to severe anxiety and depression.  (Id. at 4-6.)  Shortly before the expiration of his non-FMLA leave, Plaintiff submitted a request for reasonable accommodation to Defendants, in which he asked, at the recommendation of his doctor, that he not be required to teach classes "in which the resident-inmates discussed their experiences with anger, depression, domestic violence, childhood trauma, and other topics that were likely to precipitate Plaintiff's own anxiety, depression, and suicidal thoughts."  (Id. at 6.)  According to Edwards, CoreCivic failed to engage in the interactive process required by the Federal Employment and Housing Act ("FEHA") and denied his request for accommodation.  (Id. at 6-7.)  CoreCivic terminated Plaintiff's employment on January 6, 2020.  (Id. at 7.)  Plaintiff alleges that Defendants discriminated and retaliated against him because of his disability, medical condition, and exercise of his rights under the FMLA, FEHA, and California Family Rights Act.  (Id.)

The issue presently before the Court is whether an email communication by one of Plaintiff's attorneys to a witness, Sherrie Lashlee, was a violation of Rule 4.2 of the California Rules of Professional Conduct and requires counsel's disqualification.  Edwards is represented by two attorneys, Zachary S. Schumacher, Esq., of the Law Office of Zachary S. Schumacher, and Greg A. Klawitter, Esq., of Ceartas Legal.  (Id. at 1.)  Ms. Lashlee, who was formerly employed by CoreCivic of Tennessee, LLC as a human resources manager, states that Plaintiff's counsel served a deposition subpoena on her on August 24, 2021.  (Defs.' Mot. Attach. #2 Lashlee Decl. 2, ECF No. 13.)  Ms.

Lashlee contacted Mr. Klawitter, who she understood to be one of Edwards's attorneys, the same day by telephone. (Id.) She states that Mr. Klawitter told her he was interested in speaking with her about Edwards's lawsuit against CoreCivic. (Id.) Following the conversation, Mr. Klawitter sent an email to Ms. Lashlee stating, "Hi Sherri [sic], [¶] Thank you for the short call just now. Please reply to this email to confirm you received it. I will be in touch in the near future to arrange a time when we can talk further." (Id.; see also id., Lashlee Decl. Ex. A [email from Klawitter to Lashlee (Aug. 24, 2021)], at 5.) The email concluded with "Take care[]" and Mr. Klawitter's email signature block. (Id., Lashlee Decl. Ex. A, at 5.)[2] On that same date, Ms. Lashlee contacted Paul Gleason, Esq., CoreCivic's counsel in this litigation, and informed him that she had been served with the subpoena. (Id., Lashlee Decl. 2.)

The following day, on August 25, 2021, Ms. Lashlee received another email from Mr. Klawitter:

> Hi Sherri [sic],
>
> Please take a look at your schedule for the end of next week and let me know if you have any free time on Thursday or Friday.
>
> Also, can you reply to this email and confirm what you told me on the phone yesterday, that you are not represented by CoreCivic's attorneys.
>
> Take care,
> [Klawitter's email signature block]

(Id., Lashlee Decl. 2; see also id., Lashlee Decl. Ex B [email from Klawitter to Lashlee (Aug. 25, 2021)], at 7.) According to Ms. Lashlee, on August 26, 2021, she agreed to be represented by Mr. Gleason, CoreCivic's counsel, in connection with her deposition in this case. (Id., Lashlee Decl. 2.) She then responded to Mr. Klawitter's August 25, 2021

---

[2] Mr. Klawitter's signature block contains his name, firm name, address, telephone number, email address, and the quote, "Never Attribute to Malice Conduct by Opposing Counsel that is Adequately Explained by Stupidity." (See Defs.' Mot. Attach. #2 Lashlee Decl. Ex. A [email from Klawitter to Lashlee (Aug. 24, 2021)], at 5, ECF No. 13.)

email as follows: "Good Morning, [¶] I have agreed to be represented by CoreCivic's attorney Paul Gleason. Please direct all communication to Paul." (Id., Lashlee Decl. 2-3; see also id. Lashlee Decl. Ex. C [email from Lashlee to Klawitter (Aug. 26, 2021)], at 10.) Mr. Klawitter's responsive email, sent later on August 26, 2021, prompted Defendants to file their present motion to disqualify and request for monetary sanctions. The email states:

> Hi Sherri [sic],
>
> I appreciate the information. And thank you for accepting Mr. Gleason's generous offer of free legal representation − that is incredibly helpful to Mr. Edwards' case!
>
> We will see you at your deposition.
>
> Take care,
> [Klawitter's email signature block]

(Id., Lashlee Decl. Ex. D [email from Klawitter to Lashlee (Aug. 26, 2021)], at 13.) This email, in contrast to Mr. Klawitter's earlier emails to Ms. Lashlee, was copied to Mr. Schumacher, Plaintiff's other counsel. (Id.)

## II.     LEGAL STANDARDS

State law is applicable in determining whether an attorney should be disqualified from continued representation in a case. In re Cty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000). "The disqualification of counsel because of an ethical violation is a discretionary exercise of the trial court's inherent powers." See Crenshaw v. MONY Life Ins. Co., 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004) (citations omitted). Disqualification is a drastic measure that is disfavored. Visa U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003). Because they are often tactically motivated and may derail the efficient progress of litigation, motions to disqualify "should be subjected to particularly strict judicial scrutiny." Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F. 2d 1045, 1050 (9th Cir. 1985) (internal citations omitted); see also S.D. Cal. Civ. R. 2.1(a)(3)(k) ("We expect lawyers to refrain from

seeking to disqualify opposing counsel for any improper purpose or for any reason not supported by fact or law."). "Even a violation of the California Rules of Professional Conduct does not automatically compel disqualification." Crenshaw, 318 F. Supp. 2d at 1020 (citing Gregori v. Bank of America, 207 Cal. App. 3d 291, 303, 254 Cal. Rptr. 853, 860 (Cal. Ct. App. 1989)). "Since the purpose of a disqualification order must be prophylactic, not punitive, the significant question is whether there exists a genuine likelihood that the status or misconduct of the attorney in question will affect the outcome of the proceedings before the court." Gregori, 207 Cal. App. 3d at 308-09, 254 Cal. Rptr. at 865. Disqualification is, therefore, inappropriate "to punish a dereliction that will likely have no substantial continuing effect on future judicial proceedings." Id., 207 Cal. App. 3d at 309, 254 Cal. Rptr. at 865 (citing Chronometrics, Inc. v. Sysgen, Inc., 110 Cal. App. 3d 597, 607, 168 Cal. Rptr. 196, 203 (Cal. Ct. App. 1980)).

The Rules of Professional Conduct of the State Bar of California, cited and referred to as the "California Rules of Professional Conduct," are "binding upon all lawyers" and "are intended to regulate professional conduct of lawyers through discipline." Cal. R. Prof'l Conduct 1.0(a). Rule 4.2 (formerly Rule 2-100) of the California Rules of Professional Conduct provides, "In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." Id. R. 4.2(a).

### III.   DISCUSSION

Defendants bring this motion to "cure Plaintiff's attorneys' violation of Rule 4.2 of the California Rules of Professional [Conduct] prohibiting ex parte contact with represented parties and their concurrent intimidation of a key witness." (Defs.' Mot. 3, ECF No. 13.) CoreCivic argues that Mr. Klawitter's August 26, 2021 email to Ms. Lashlee violated Rule 4.2 and "will undoubtedly have a continuing effect on this litigation that will result in prejudice to Defendant[s]." (Id. at 4.) Defendants contend that Ms. Lashlee is a key witness in this case as evidenced by "at least forty emails"

exchanged between Edwards and Lashlee, in her former capacity as CoreCivic's human resources manager. (Id. at 6.) Ms. Lashlee relates the following about Mr. Klawitter's August 26, 2021 email:

> Upon reading this email . . . , I felt that Edwards' attorneys were trying to intimidate me by sending the email and I did feel intimidated and kind of shook by the email. Because of the email, I may feel scared and intimidated if I am deposed by the attorneys who sent and were copied on the email, even if the deposition is done remotely over zoom or through a similar technology.

(Id., Attach. #2 Lashlee Decl. 3.)

Defendants contend that by sending this email to Ms. Lashlee, Mr. Klawitter "directly and intentionally violate[d] Rule of Professional Conduct 4.2" and "the intimidating and aggressive nature" of Mr. Klawitter's email may constitute witness intimidation under California Rule of Professional Conduct 8.4. (Id., Defs.' Mot. 7.)[3] CoreCivic characterizes Mr. Klawitter's email as "menacing, from the thinly veiled threat in 'We will see you at your deposition' to the unprofessional tag line on Plaintiff's [c]ounsel signature block[.]" (Defs.' Reply 5, ECF No. 16.) Defendants also speculate that Mr. Klawitter's exclamation, "And thank you for accepting Mr. Gleason's generous offer of free representation − that is incredibly helpful to Mr. Edwards' case!" was intended to affect Ms. Lashlee's testimony and make her "feel afraid that she had done some[]thing wrong and had harmed her former employer." (Id.) CoreCivic argues that even though only one of Plaintiff's attorneys, Mr. Klawitter, sent the subject email, disqualification of both he and Mr. Schumacher, Plaintiff's other counsel, is necessary because Mr. Schumacher was copied on the email chain and Plaintiff's counsel have

///

---

[3] Rule 8.4 of the California Rules of Professional Conduct provides, in relevant part, that "[i]t is professional misconduct for a lawyer to[] . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects" or "engage in conduct that is prejudicial to the administration of justice[.]" Cal. R. Prof'l Conduct 8.4(b), (d).

provided "no reason why Ms. Lashlee should be any less afraid of Mr. Klawitter's co-counsel than she should be of him[.]"  (Id. at 8.)[4]

Plaintiff acknowledges that "[t]he conduct by . . . [Mr. Klawitter] was, in retrospect, unnecessary."  (Pl.'s Opp'n 4, ECF No. 14.)  Edwards contends that the communication at issue, a single email, "did not concern the subject matter of Ms. Lashlee's representation" by Defendants' attorney nor did it gain Plaintiff an "unfair advantage."  (Id.)  He disputes that the email will have any continuing effect on the proceedings because his counsel did not learn anything about the Defendants' case through the email and "does not intend to ever again communicate with Ms. Lashlee."  (Id. at 5.)  The disqualification of his entire legal team "based on a single and isolated mistake committed by one of his attorneys" is not, in Plaintiff's view, warranted.  (Id. at 7.)

The Court agrees with Plaintiff that Mr. Klawitter's August 26, 2021 email to Ms. Lashlee does not warrant the drastic and unfavored measure of disqualification.  As an initial matter, the Court finds the email violated Rule 4.2 of the California Rules of Professional Conduct because it was a communication about the subject of the

---

[4] Defendants complain that Plaintiff's counsel failed to serve the deposition notice and subpoena on CoreCivic's counsel at the same time these items were served on Ms. Lashlee. (Defs.' Mot. 5, ECF No. 13.) The record before the Court indicates that the deposition notice and subpoena were served by Plaintiff's counsel on Defendants' counsel on August 26, 2021, two days after they were served on Ms. Lashlee.  (Id. Attach. #1 Gleason Decl. Ex. A, at 5, 7.)  Defendants do not cite any authority requiring concurrent service of deposition notices and subpoenas on witnesses and opposing counsel.  Rule 30 of the Federal Rules of Civil Procedure requires that "[a] party who wants to depose a person by oral questions must give reasonable notice to every other party." Fed. R. Civ. P. 30(b)(1).  Under Rule 45, "If [a] subpoena commands the production of documents, . . . or tangible things . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Id. R. 45(a)(1)(4).  Here, the deposition notice and subpoena did not require the production of documents. (Defs.' Mot. Attach. #1 Gleason Decl. Ex. A, at 6-15, ECF No. 13.)  Therefore, Plaintiff's counsel was only required to provide "reasonable notice" of the deposition to Defendants' counsel.  See Fed. R. Civ. P. 30(b)(1).  As the deposition was initially scheduled for September 22, 2021, (see Defs.' Mot. Attach. #1 Gleason Decl. Ex. A., at 13, ECF No. 13), service of the deposition notice and subpoena on August 26, 2021, provided reasonable notice to Defendants' counsel of Plaintiff's intent to take Ms. Lashlee's deposition.

representation with a person known to be represented by an attorney without the other attorney's consent.  Cal. R. Prof'l Conduct 4.2(a); see also id. R. cmt. 2 (defining "subject of the representation" as a communication "concerning the matter to which the communication relates").  Mr. Klawitter's email concerned Ms. Lashlee's representation by CoreCivic's counsel in Mr. Edwards' suit against CoreCivic and thus was a communication about the subject of the representation.

A violation of Rule 4.2, however, "does not automatically compel disqualification." Crenshaw, 318 F. Supp. 2d at 1020 (citing Gregori, 207 Cal. App. 3d at 303, 254 Cal. Rptr. at 860).  Disqualification of Plaintiff's counsel is appropriate only if Mr. Klawitter's August 26, 2021 email to Ms. Lashlee will have a "substantial continuing effect" on the proceedings in this case.  Gregori, 207 Cal. App. 3d at 308-09, 254 Cal. Rptr. at 865.  Bearing in mind that the purpose of Rule 4.2 (formerly Rule 2-100) is to "preserve the attorney-client relationship from an opposing attorney's intrusion and interference," (see Jackson v. Ingersoll–Rand Co., 42 Cal. App. 4th 1163, 1167, 50 Cal. Rptr. 2d 66, 68 (1996)), the email is unlikely to have a substantial continuing effect on the proceedings.  It did not disrupt Ms. Lashlee's relationship with Mr. Gleason nor were any attorney-client confidences sought or disclosed.  Moreover, Mr. Klawitter did not obtain any information through his August 26, 2021 email that could be used advantageously against CoreCivic in this case.  See Gregori, 207 Cal. App. 3d at 309, 254 Cal. Rptr. at 865 (finding disqualification not warranted when counsel acted in an unprofessional manner but did not obtain an "unfair advantage" against the adverse party).

Defendants concede that Plaintiff's counsel did not obtain any confidential information through Mr. Klawitter's August 26, 2021 email but argue nonetheless that disqualification is required because of the impact of the email on Ms. Lashlee, a "critical defense witness." (Defs.' Reply 3, ECF No. 16.)  The cases cited by Defendants, however, do not support their position.  In City of San Diego v. Superior Court, 30 Cal. App. 5th 457, 241 Cal. Rptr. 3d 604 (2018), a more concerning case than the facts here, a

deputy city attorney questioned the plaintiff about her employment-related lawsuit against the city without the permission of her lawyer in the case. Id., 30 Cal. App. 5th at 462, 241 Cal. Rptr. at 607. The California Court of Appeal determined that although the attorney had violated Rule 4.2, disqualification was warranted only if there was a "reasonable probability" and "genuine likelihood" that the deputy city attorney had obtained information the court believed "would likely be used advantageously against an adverse party during the course of the litigation." Id. The court found no information had been disclosed during the interview that would have a "substantial continuing effect" on the litigation and vacated the trial court's order granting disqualification of the San Diego City Attorney's Office. Id., 30 Cal. App 5th at 472-73, 241 Cal. Rptr. at 615. Similarly here, no information was disclosed through Mr. Klawitter's email communication Ms. Lashlee that could be used against CoreCivic in this case. Gas-A-Tron of Arizona v. Union Oil of California, 534 F.2d 1322 (9th Cir. 1976), also does not support Defendants' argument for disqualification. There, the Ninth Circuit considered a wholly distinct issue−whether an associate at a law firm was disqualified from a case against two major oil companies because he had previously worked for a large firm that had represented the oil companies in other litigation. The court stated as a general proposition that "a court may disqualify an attorney for not only acting improperly but also for failing to avoid the appearance of impropriety[,]" but determined that disqualification was not necessary. Id. at 1324-25. California case law is clear, however, that the "substantial continuing effect" inquiry is the proper standard in addressing a request to disqualify counsel. See, e.g., City of San Diego, 30 Cal. App. 5th at 472, 241 Cal. Rptr. 3d at 615.

Although Plaintiff's counsel encourages the Court to view Ms. Lashlee's declaration that she felt "shook" by the email with skepticism, (see Pl.'s Opp'n 8-9, ECF No. 14), it is understandable that Ms. Lashlee was concerned about the email and felt "scared" by its tone and contents. The Court neither wishes to condone Mr. Klawitter's behavior nor minimize Ms. Lashlee's stated concerns. The email, however, was not so

egregious that it is likely to significantly impact Ms. Lashlee's ability to testify truthfully at her deposition, and Defendants have not established that the email constituted witness intimidation under California Rule of Professional Conduct 8.4.  Plaintiff's counsel has clearly acknowledged the email was "unnecessary," "offhanded," and a "mistake."  (Id. at 4, 7.)  Mr. Klawitter has represented to Defendants' counsel and this Court that Plaintiff's counsel "will treat [Ms. Lashlee] with decorum, respect and courtesy at her deposition." (Id. at 9; see also id. Attach. #1 Klawitter Decl. Ex. 1, at 4.)  The Court is satisfied that Plaintiff's counsel has recognized Mr. Klawitter's misstep and will take the steps necessary to make certain that Ms. Lashlee's deposition proceeds in a professional manner.  To ensure this, the Court specifically directs that Plaintiff's counsel comply with Civil Local Rule 2.1 when taking Ms. Lashlee's deposition.  See S.D. Cal. Civ. R. 2.1 (b), (c) (setting forth the Court's expectation that lawyers "treat adverse witnesses, litigants and opposing counsel with courtesy, fairness and respect" and "to conduct themselves in the discovery process as if a judicial officer were present").

      Finally, after reviewing the parties' papers in this matter, the Court finds it necessary to remind Defendants' attorneys of their duty of professionalism, which requires counsel to refrain from moving to disqualify counsel for any improper purpose and to seek sanctions sparingly only when warranted and not to obtain a tactical advantage.  See id. R. 2.1(a)(3)(j), (k).  The Court further directs counsel for both sides to carefully review the entirety of Civil Local Rule 2.1 on Professionalism, which was recently adopted by the Court on March 18, 2020.  See id. R. 2.1; S.D. Cal. Gen. Order No. 725 (Jan. 23, 2020).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Disqualify Plaintiff's Counsel and Request for Monetary Sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 15, 2021

_____
Hon. Ruben B. Brooks
United States Magistrate Judge