UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARDS,<br><br>                    Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, et al.,<br><br>                    Defendants. | Case No.: 21cv878-H(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE FACT DISCOVERY AND WRITTEN DISCOVERY [ECF NO. 24]** |

On April 14, 2022, Plaintiff John Edwards filed a Motion to Continue Fact Discovery and Written Discovery [ECF No. 24]. Defendants CoreCivic of Tennessee, LLC; Corecivic, LLC; and CoreCivic, Inc. (collectively "CoreCivic") filed an opposition on April 28, 2022 [ECF No. 27]. Plaintiff filed a reply on May 5, 2022 [ECF No. 28]. For the reasons discussed below, Plaintiff's motion is **DENIED**.

## I.   BACKGROUND

This action arises out of Plaintiff's employment with CoreCivic as a program facilitator at one of its private prison facilities in San Diego. (Compl. 3, ECF No. 1.) Plaintiff's job duties included planning and implementing workshops and classroom activities to prepare inmates for civilian life after incarceration. (Id. at 4.) During his employment, Edwards took medical leave pursuant to the Family Medical Leave Act

("FMLA") and non-FMLA leave due to severe anxiety and depression. (Id. at 4-6.) Shortly before the expiration of his non-FMLA leave, Plaintiff submitted a request for reasonable accommodation to Defendants, in which he asked, at the recommendation of his doctor, that he not be required to teach classes "in which the resident-inmates discussed their experiences with anger, depression, domestic violence, childhood trauma, and other topics that were likely to precipitate Plaintiff's own anxiety, depression, and suicidal thoughts." (Id. at 6.) According to Edwards, CoreCivic failed to engage in the interactive process required by the Federal Employment and Housing Act ("FEHA") and denied his request for accommodation. (Id. at 6-7.) CoreCivic terminated Plaintiff's employment on January 6, 2020. (Id. at 7.) Plaintiff alleges that Defendants discriminated and retaliated against him because of his disability, medical condition, and exercise of his rights under the FMLA, FEHA, and California Family Rights Act. (Id.)

The Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings (hereafter "scheduling order") on July 29, 2021 [ECF No. 12]. The scheduling order set a fact discovery deadline of January 28, 2022, and required written discovery, including interrogatories, requests for admission, and document production requests, to be served by November 26, 2021. (Scheduling Order 1-2, July 29, 2021, ECF No. 12.) On September 22, 2021, two months after the issuance of the scheduling order, Defendants filed a Motion to Disqualify Plaintiff's Counsel and Request for Monetary Sanctions [ECF No. 13]. The motion to disqualify was denied by this Court on November 15, 2021 [ECF No. 17].

Nearly two months later, on January 7, 2022, the parties filed a Joint Motion to Continue Fact and Expert Discovery Cut-off and Mandatory Settlement Conference [ECF No. 20] (hereafter "first joint motion"). The parties requested a continuance of the fact discovery deadline from January 28, 2022, to March 31, 2022. (Joint Mot. 2, ECF No. 20.) They also sought continuances of expert discovery deadlines, the pretrial motion filing deadline, and a mandatory settlement conference. (Id.) The parties contended that good cause existed for a continuance because they felt unable to conduct discovery for

two months due to the pendency of Defendants' motion to disqualify. (Id. at 2-3.) They also indicated that they had already propounded initial written discovery. (Id. at 3.) The Court granted the joint motion in part on January 11, 2022. (Order 1, Jan. 11, 2022, ECF No. 21.) The fact discovery deadline was continued to March 31, 2022, as the parties had requested. (Id. at 2.) Because the parties did not seek a continuance of the written discovery cutoff and had represented that initial written discovery had already been propounded, the order reflected "No change" to the November 26, 2021 written discovery cutoff. (Id.)

The next filing with the Court was made on February 23, 2022, in the form of a Joint Motion to Continue Fact Discovery, Expert Discovery, Mandatory Settlement Conference, Motion Filing Cut-off, and Related Deadlines [ECF No. 22] (hereafter "second joint motion"). The parties referred to a "mutual inability to conduct discovery" between Plaintiff's reopening of a bankruptcy proceeding on January 13, 2022, and the bankruptcy trustee's decision to not pursue this action as property of the bankruptcy estate on February 11, 2022. (Joint Mot. 2, ECF No. 22.) As relevant here, the parties requested a continuance of the fact discovery cutoff from March 31, 2022, to May 12, 2022, and indicated that "No change" was needed to the November 26, 2021 deadline to serve written discovery. (Id. at 3-4.) On March 3, 2022, the Court granted the joint motion and issued a revised scheduling order, confirming the new fact discovery deadline of May 12, 2022, and reflecting "No change" to the written discovery deadline of November 26, 2021. (Order 2, Mar. 3, 2022, ECF No. 23.)

On March 2, 2022, Plaintiff served Interrogatories, Set One, upon Defendant CoreCivic of Tennessee, LLC. (Defs.' Opp'n Attach. #1 Gleason Decl. Ex. A, at 5-12 [interrogs.], ECF No. 27.) Edwards then propounded a Request for Production of Documents, Set Two, on March 28, 2022. (Id. Ex. C, at 26-33 [reqs. for produc.].)[1]

---

[1] Edwards had previously propounded a Request for Production of Documents, Set One, on this defendant on October 7, 2021. (Pl.'s Supp. Ex. 4-17 [reqs. for produc.], ECF No. 32.)

Defendant served objections to the interrogatories and document requests on April 1, 2022, and April 27, 2022, respectively, in which it objected to each of the discovery requests on the grounds that they were served beyond the November 26, 2021 deadline to serve written discovery and thus were untimely and improper.  (Id. Ex. B, at 14-24 [objs. to interrogs.] & Ex. D, at 35-45 [objs. to reqs. for produc.].)

In the motion presently before the Court, Plaintiff seeks a continuance of the written and fact discovery cutoffs for a period of three months and an order requiring Defendant CoreCivic of Tennessee, LLC to substantively respond to the above written discovery.  (Pl.'s Mot. 5, 9, ECF No. 24.)  Defendants request that the Court deny the motion in its entirety.  (Defs.' Opp'n 11, ECF No. 27.)

## II.     LEGAL STANDARDS

The scheduling order issued by the court is required to limit the time to join other parties, amend the pleadings, complete discovery, and file motions.  Fed. R. Civ. P. 16(b)(3).  The schedule may be modified only for good cause and with the judge's consent.  Id. R. 16(b)(4).  The "good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Fed. R. Civ. P. 16 advisory committee notes to 1983 Amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  This is unlike the liberal amendment policy of Federal Rule of Civil Procedure 15(a), which governs amended and supplemental pleadings, and which focuses on the bad faith of the party seeking amendment and the prejudice to the opposing party.  Johnson, 975 F.2d at 609.  While the court may consider these factors, "the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.  "If that party was not diligent, the inquiry should end" and the motion to modify should not be granted.  Id.

/ / /

/ / /

### III.  DISCUSSION

### A.  Plaintiff Has Not Acted with Diligence

#### 1.  Lack of diligence in reading court orders

The primary basis of Plaintiff's motion is his insistence that his counsel made a "simple clerical error" in overlooking that the parties' second joint motion to continue dates reflected that "no change" was needed to the written discovery deadline. (Pl.'s Mot. 3, ECF No. 24.) Edwards states that he "logically assumed" that the written discovery cutoff would be extended beyond November 26, 2021, along with the fact discovery cutoff. (Pl.'s Reply 4, ECF No. 28.) But contrary to Plaintiff's belief that the written discovery deadline was subsumed within the fact discovery cutoff, the Court's original scheduling order made it abundantly clear that the service of written discovery was governed by a separate deadline. (See Scheduling Order 1-2, July 29, 2021, ECF No. 12 (setting forth distinct deadlines in two separate paragraphs for completion of fact discovery and service of written discovery).) And notwithstanding Plaintiff's statement that he only overlooked the language maintaining the original written discovery deadline once, the Court's orders on both the parties' first joint motion and second joint motion reflected "No change" to the deadline to serve written discovery. (See Order 2, Jan. 11, 2022, ECF No. 21; Order 2, Mar. 3, 2022, ECF No. 23.) "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). While Plaintiff claims that he was not aware that the written discovery deadline "was even plausibly at issue" until Defendant served objections to his interrogatories on April 1, 2022, (see Pl.'s Reply 4, ECF No. 28), even cursory reviews of the Court's January 11, 2022, and March 3, 2022 orders would have led Edwards to recognize that the written discovery deadline remained November 26, 2021. His failure to make this realization upon review of two separate court orders, as well as the parties' own second joint motion, reflects not merely a simple clerical error but a lack of diligence.

### 2. Lack of diligence in serving foundational written discovery

A party seeking to modify a scheduling order must demonstrate good cause, which "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609; see also Fed. R. Civ. P. 16(b)(4). Edwards has failed to show that he acted with diligence in serving foundational written discovery of an appropriate scope in a timely manner. First, there is no reason that Plaintiff could not have served foundational written discovery before the November 26, 2021 deadline. Despite his belief that he was "de facto prohibited from conducting any discovery" during the pendency of Defendant's motion to disqualify, (see Pl.'s Mot. 2, ECF No. 24), he points to nothing in the record nor any case authority substantiating his position. The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery even when a potentially dispositive motion is pending, let alone a motion to disqualify counsel. See, e.g., Skellerup Indus. Ltd. v. City of Los Angeles, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect."); Turner Broad. Sys., Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) (stating that a pending dispositive motion is "not ordinarily a situation that in and of itself would warrant a stay of discovery"). Additionally, other courts have found no "per se rule that a pending motion for disqualification warrants a general stay of all proceedings." See Allstate Ins. Co. v. Belsky, Case No. 2:15-cv-02265-MMD-CWH, 2017 WL 9434415, at *1. The prudent course would have been to seek an order staying discovery or clarification from the Court regarding the status of discovery. See, e.g., IPVX Patent Holdings, Inc. v. 8X8, Inc., Case No. C 13-01707 SBA, 2013 WL 6000590, at *2 (Nov. 12, 2013) (case with pending motion to disqualify not stayed until the defendant filed motion to clarify the court's directive regarding discovery). In this case, neither party sought a stay on discovery or of any other dates contained in the scheduling order, and the Court did not enter a stay. Edwards's position that discovery was stayed is erroneous; thus, there is no reason that Plaintiff could not have served foundational written discovery

before November 26, 2021, including while Defendants' motion to disqualify was pending. Furthermore, to the extent that Defendants' motion to disqualify or the reopening of Plaintiff's bankruptcy proceeding delayed the case from progressing, the Court's orders on the parties' first and second joint motions addressed those delays.

Second, the interrogatories and document requests belatedly served by Plaintiff seek foundational information that should have been requested at the outset of discovery. Set one of Plaintiff's interrogatories seek basic information including the identification of individuals who participated in the decision to terminate his employment and in efforts to explore reasonable accommodations, engage in an interactive dialogue, and seek job reassignment (Interrog. Nos. 1-2, 4-6); the date of his termination (Interrog. No. 3); the identification of vacant job positions during the relevant time period (Interrog. No. 7); the reasons for his termination (Interrog. No. 8); the identification of the Person Most Qualified regarding Defendants' compliance with disability discrimination laws and regulations (Interrog. No. 9); and the identification of the Person Most Qualified regarding the reason for his termination (Interrog. No. 10). (See Defs.' Opp'n Attach. #1 Gleason Decl. Ex. A, at 9-10 [interrogs.], ECF No. 27.) Similarly, set two of his document requests seek basic documents that should have been requested during the early on in discovery. Specifically, the eight requests contained in set two of his document production requests seek Defendants' contracts with the California Department of Corrections and Rehabilitation ("CDCR") regarding its Boston Avenue, Ocean View, and Otay Mesa Detention Center facilities (Req. Nos. 62-64); documents relating to staffing levels for treatment managers and program facilitators (Req. No. 65); and various communications between Defendants and CDCR regarding Edwards, job vacancies, and staffing levels (Req. Nos. 66-69). (See id. Ex. C, at 30-31 [reqs. for produc.].) Even if, as Edwards claims, he was not aware of Defendants' contracts with the CDCR until deposition testimony elicited on March 11, 2022, from Defendants' former human resources employee, Sherri Lashlee, and on March 21, 2022, from Plaintiff's former supervisor, Denise Reed, (see Pl.'s Mot. 7, ECF No. 24), it is the Court's view that

diligent counsel would have served a broad request for documents relating to agreements between Defendants and any other entities governing the employment relationship with their staff at the early stages of the case. Here, a review of set one of Plaintiff's document requests served on October 7, 2021, prior to the written discovery deadline, shows that he did not do so. (Pl.'s Supp. Ex. 4-17 [reqs. for produc.], ECF No. 32.)

If a party seeking to modify the schedule "was not diligent, the inquiry should end" and the motion to modify should not be granted. Johnson, 975 F.2d at 609. Here, Plaintiff has provided no valid reason that he could not have served the discovery sought in set one of his interrogatories or set two of his document production requests prior to the written discovery deadline of November 26, 2021. Even taking into account Plaintiff's position that the parties had an unwritten agreement to not conduct discovery during the pendency of Defendant's motion to disqualify, that motion was not filed until September 22, 2021. Edwards was on notice of the November 26, 2021 written discovery deadline when the Court issued the initial scheduling order on July 29, 2021. Thus, he had nearly two months prior to the filing of the motion to disqualify to initiate written discovery. His failure to timely serve discovery seeking the basic foundational information contained in the interrogatories and document requests presently at issue shows a lack of diligence, and thus his motion to continue the written and fact discovery deadlines must be denied.

**B.    No Showing that Defendant Failed to Comply with Rule 26 Requirements**

As an additional basis for his requested continuance of the fact and written discovery cutoffs, Plaintiff contends that Defendants failed to comply with the initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure by not providing its contracts with the CDCR, which "governed staffing levels, work assignments, job duties, and more." (Pl.'s Mot. 7, ECF No. 24.) Rule 26 requires parties, without awaiting a discovery request, to provide to the other parties "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ.

P. 26(a)(1)(ii).  According to Plaintiff, Defendant did not produce any of the CDCR contracts until April 12, 2022, when, it appears, Defendants produced its contract with the CDCR pertaining to the Boston Avenue facility, where Plaintiff had been employed. (Pl.'s Mot. 8, ECF No. 24; Defs.' Opp'n 5, ECF No. 27.)  Edwards contends that the "belated" production of the contract is prejudicial to him because many of his depositions of Defendants' employees, current and former, have already been taken.  (Pl.'s Mot. 8, ECF No. 24.)  He also states that he still has five additional depositions of current and former employees of Defendants to take and would be "hard-pressed" to review and understand the contracts in time to "comprehensively" depose the remaining witnesses. (Id.)

      The Court is unable to find, based on current record, that the CDCR contracts should have been produced as part of Defendants' initial Rule 26 disclosures.  Defendants were required to provide the contracts with their initial disclosures only if they intended to rely on these documents to support their defenses.  See Fed. R. Civ. P. 26(a)(1)(ii). Defendants do not appear to intend to rely on the contracts as they describe them as "irrelevant documents with no connection to the litigation[.]"  (Defs.' Mot. 6, ECF No. 27.)  That Defendants produced the CDCR contract pertaining to the Boston Avenue facility on April 12, 2022, (see Pl.'s Mot. 8, ECF No. 24), does not necessitate a finding that the contract should have been produced as part of their initial disclosures.  Because Defendants served objections to set two of Plaintiff's document requests, (see Defs.' Opp'n Attach. #1 Gleason Decl. Ex. D, at 38-44 [objs. to reqs. for produc.], ECF No. 27), which specifically sought Defendants' contracts with the CDCR, it does not appear that Defendants produced the contract in response to these document requests.  Rather, the Court surmises that they produced the contract to reach a compromise with Plaintiff regarding the current discovery dispute, pursuant to Rule 26(e), or for some other reason. See Fed. R. Civ. P. 26(e) (providing that if a party learns that its disclosures are incomplete or inaccurate, it has a duty to supplement them "in a timely manner").  Based on the information currently before the Court, no showing has been made that Defendants

failed to comply with the initial disclosure requirements under Rule 26.  Thus, this cannot serve as a basis for granting Plaintiff's request for a continuance of the written and fact discovery deadlines.

The Court further finds that the production of the CDCR contract for the Boston Avenue facility on April 12, 2022, one month before the fact discovery cutoff of May 12, 2022, should have provided Plaintiff's counsel with ample time to review the contract prior to the remaining depositions in the case.  As for the depositions taken by Plaintiff before production of the contract, Edwards has made no showing that a continuance of the fact discovery cutoff would remedy this situation.  He does not, for example, claim that any specific depositions need to be reconvened for the purpose of questioning prior deponents about the CDCR contract(s).

Therefore, based on the foregoing, Plaintiff's request for a continuance of the written and fact discovery deadlines is **DENIED**.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Continue Fact Discovery and Written Discovery [ECF No. 24] is **DENIED**.  Other than the depositions permitted by the Court's May 23, 2022 Order granting the parties' Joint Motion to Conduct Fact Witness Depositions After Discovery Cut-off, (see ECF No. 31), no further fact discovery is permitted.

**IT IS SO ORDERED**.

Dated:  May 26, 2022

Hon. Ruben B. Brooks
United States Magistrate Judge